| | |
|---|---|
| 1 | Joseph H. Harrington |
| 2 | Acting United States Attorney |
|   | Eastern District of Washington |
| 3 | Alison L. Gregoire |
| 4 | Assistant United States Attorney |
|   | Post Office Box 1494 |
| 5 | Spokane, WA 99210-1494 |
| 6 | Telephone: (509) 353-2767 |

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 26 2021

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | 2:21-CR-64-SAB |
| Plaintiff, | | INDICTMENT |
| v. | | Vio.: 18 U.S.C. § 2252A(a)(2), (b)(1) |
| DARRIN D. FOUNTAINE, | | Receipt of Child Pornography |
| Defendant. | | 18 U.S.C. § 2253 |
| | | Forfeiture Allegations |

The Grand Jury charges:

Beginning on or about January 9, 2020, and continuing until on or April 17, 2020, in the Eastern District of Washington, the Defendant, DARRIN D. FOUNTAINE, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that was transported via any means or facility of interstate and foreign commerce, to wit: still image and video files depicting minor and prepubescent children engaging in sexually explicit conduct including but not limited to actual and simulated intercourse, and the lascivious exhibition of the genitals and pubic area, as defined in 18 U.S.C. § 2256(2)(A), all in violation of 18 U.S.C. § 2252A(a)(2), (b)(1).

INDICTMENT - 1

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. § 2252A, as charged in this Indictment, the Defendant, DARRIN D. FOUNTAINE, shall forfeit to the United States any visual depiction described in section 2252A of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property. The property to be forfeited includes, but is not limited to:

- Moto Zplay droid cell phone; IMEI: 354130074783546

If any of the property described above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

//
//
//
//

1  the United States of America shall be entitled to forfeiture of substitute property
2  pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).
3      DATED this 26th day of May, 2021.
4
5                                      A TRUE BILL
6
7
8                                      Foreperson
9
10
11  Joseph H. Harrington
    Acting United States Attorney
12
13
14
15  Alison L. Gregoire
16  Assistant United States Attorney
17
18
19
20
21
22
23
24
25
26
27
28

INDICTMENT - 3